## Carrie A. Blakey et al. v. Martin Emerich Outfitting Company.

1. CONTRACTS—*Written and Printed Portions—How Construed.*—In case of a conflict between the words written into a printed blank and the printed part of the same, the written part will prevail, but interpretation will reconcile them if, reasonably, it can be done.

2. TRUST DEED—*What is Not a Breach of the Condition.*—A person made three notes due in forty-nine, seventy-nine and one hundred and nine days, and secured the same by chattel mortgage. The first note being paid, he executed a trust deed in the nature of a mortgage providing that the two first should be extended thirty days from maturity, and that no foreclosure of the chattel mortgage should be made during such extension. The first note as extended was not paid when due and the holder foreclosed the chattel mortgage before the extension of the second note had expired. It was held that such foreclosure was not a breach of the condition of the trust deed so as to defeat his remedy on it as a security.

**Bill to Foreclose a Trust Deed.**—Error to the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

KRAFT, WILLIAMS & KRAFT, attorneys for plaintiffs in error.

SLEEPER, BARBOUR & EMRICH, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiffs in error executed to the defendant in error three promissory notes becoming due in forty-nine, seventy-nine and one hundred and nine days from April 27, 1893, and secured the same by a chattel mortgage.

June 22, 1893, the first note not being paid, the plaintiff in error executed a trust deed in the nature of a mortgage, which deed, reciting the notes and chattel mortgage, provided as follows: " which said two first notes are each here extended for a period of thirty days from their respective dates of maturity. This trust deed is given for collateral security to said notes in addition to said chattel mortgage, and on condition that no foreclosure under said chattel mortgage shall be made during the times of the extensions of said notes, as herein provided." And "if default should be made in the payment of said promissory notes, or any part thereof, or the interest thereon, or any part thereof, at the time and in the manner above specified, for the payment thereof, or in case of waste or non-payment of taxes or assessments thereon, or a breach of any of the covenants or agreements therein contained, then in such case the whole of said principal sum and interest secured by the said promissory notes should thereupon, upon the option of the legal holder thereof, become immediately due and payable, and on the application of such holder it should be lawful for the grantee in said deed mentioned, or a successor in trust, to enter into or upon and take possession of said premises."

The first note as extended was not paid when due, and the defendant in error proceeded under its chattel mortgage, and disposed of the property, before the extension of the second note had expired. This bill was filed May 2, 1894.

The only question in the case is whether, by proceeding on the chattel mortgage before the extension of the second note ran out, the defendant in error broke the condition upon which the trust deed was given, and so lost its remedy upon that security.

The extract first copied from the deed was in the filling of a printed blank which contained the other extract. It is true that in case of a conflict between the words written into a printed blank and the printed part, the written will prevail; still, interpretation will reconcile them if, reasonably, it can be done. Bishop on Contracts, Sec. 413.

Here there is no conflict. Failure to pay the first note as extended, is made a cause for all to become due.

" The manner above specified," as the second extract reads, is with extensions of thirty days from " dates of maturity " on the faces of the notes.

A fair, business-like construction of the provisions, is, that when the first note was not paid when due by the extension, then the whole at once became due; all extensions ceased and all privileges based upon them also ceased. The decree of foreclosure is affirmed.